THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. JUAN CANALS, Defendant and Appellee.

No. 5631.   Argued May 8, 1935.—Decided July 1, 1935.

R. A. *Gómez*, Prosecuting Attorney, and *Luis Janer, Assistant Prosecuting Attorney*, for appellant. *E. Pérez Casalduc* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The information in this proceeding, in its pertinent parts, reads as follows:

"The district attorney files this information against Juan Canals for an offense of embezzlement (felony) committed in the following manner:

"The aforesaid defendant, Juan Canals, during the period included between January 19 and December 22 of the year 1931, and in Arecibo, P. R., which forms part of the judicial district of the same name, while occupying the office of director cash·er of the Arecibo Branch of the Banco·Territorial y Agrícola de Puerto Rico—which ·s a banking corporation organized in accordance with the laws of Puerto Rico, with its principal office located in San Juan, P. R.—and being, as such director cashier, manager of said branch and depositary and in charge of all properties, securities, documents books of account and money belonging thereto, intrusted to his custody, unlawfully, wilfully, maliciously, and fraudulently, taking advantage of the powers conferred upon him and of the confidence reposed in him by his employer, Banco Territorial y Agrícola de Puerto Rico—from the principal office of which the defendant Juan Canals, as director cashier of the Arecibo branch, had express and conclusive instructions not to authorize overdrafts in current accounts excepting 'only for limited amounts and very occasionally, such overdrafts to be covered within the shortest possible space of time by the depositor,' and to render to such principal office, daily, a detailed report of all overdrafts in current account in the branch under h·s charge and the amount of each—abstracted and used for purposes other than the proper and legitimate discharge of his duty as such director cashier the sum of $4,617.25, of the funds intrusted to his custody, which said defendant did by authorizing, as he did authorize, and permitting the payment of checks drawn against the current accounts of Dominica Chaves Estrada, Felipe A. García and Cosme & Miranda, in the amounts of $2,848.70, $1,156.82 and $611.64, respectively at a time when in none of said accounts were there any funds whatsoever on deposit, which caused a total of overdrafts in the current

account department of the Arecibo Branch of the Banco, Territorial y Agrícola de Puerto Rico in the aforesaid sum of $4,617.25, which overdrafts were authorized by the defendant, Juan Canals, as director cashier, without the knowledge or consent of the principal office and in violation of the orders which he had therefrom in connection with overdrafts in current accounts, to which reference was made at the beginning of this information, the same being concealed knowingly, maliciously, and fraudulently at all times from the bank inspectors, and not being included or accounted for in the report of overdrafts which defendant made daily to his principal office. The district attorney further alleges that as a result of the unlawful and fraudulent action of the defendant, Juan Canals, the Banco Territorial y Agrícola de Puerto Rico was defrauded of the above-mentioned sum of $4,617.25.''

The defendant demurred on the following grounds:

''First: That the facts, as the same are set forth in the information, do not constitute a public offense.

''Second: That the information charges more than one offense.

''Third: That the information is not framed in accordance with the requirements of sections 71 and 75 of the Code of Criminal Procedure, for the reason that the same is not drafted in concise language; for the reason, moreover, that the date on which the criminal act was committed is not specified, and for the further reason that defendant does not know in spite of the fact that he has been charged with an offense of embezzlement, against what offense he must defend himself.

''Fourth: That the information contains matter, which if true, constitutes a legal justification or excuse for the offense charged, or a legal objection which prevents the prosecution.''

The court decided the questions raised as follows:

''The information taken as a whole does not contain all the essential elements of the offense of embezzlement, since it appears nowhere in the information that the defendant in paying the checks overdrawn benefited in any way from the amount thereof or appropriated to himself the sums so overdrawn.

''Section 17 in title IV of Act No. 18 of 1923 makes punishable certain acts committed by officers in charge of banking corporations, specifying in the first instance the offense of embezzlement, then that of abstraction, that of wilful misapplication, and finally that of making false entries in the books of the bank.

"It may be that the facts set forth in this information are applicable to that part of section 17 concerning wilful misapplication of funds of a bank by officers intrusted therewith; but the court finds that the information would in no event be clear and that as drafted it does not properly charge an offense of embezzlement.

"For the foregoing reasons, the court dismisses the information, without prejudice to the presentation by the district attorney of a new information against the same defendant for any other offense more clearly included within the facts set forth in the information passed upon in this order."

The People appealed through the prosecuting attorney *(Fiscal)* and submitted the case upon the brief in No. 5630, which we have just decided.

Defendant has not here presented a motion to dismiss and has in his brief expressly abandoned the question of duplicity, notwithstanding the fact that there are charged in the information several wilful misapplications of bank funds by the defendant while acting as director cashier of the Arecibo branch. It seems that the district court believed, and that defendant now agrees, that there is no duplicity. This conclusion is in accord with what we have just said in the opinion delivered in No. 5630.

The order appealed from is based upon the holding that the facts set forth in the information do not charge an offense of embezzlement, or a clear violation of section 17 of the Banking Law in so far as the same refers to wilful misapplication of funds.

Defendant's argument in his brief tends to sustain the opinion of the trial court, and emphasizes his contention that the information itself contains matter which if true would constitute a legal justification or excuse for the offense charged.

The applicable provisions of law are found in Act No. 18 of 1923 (Session Laws (2), p. 82), section 17. It is therein provided that every president, director, officer, cashier, clerk, employee or agent of any bank who wilfully misapplies

money, funds or credits of the bank or existing therein shall be guilty of a felony, and shall be imprisoned for not less than one year nor more than ten years. It is our opinion that what defendant is charged with in this case is a clear example of a wilful misapplication of funds of a bank or funds existing therein, since it is alleged in substance that defendant, while director cashier of a branch of a bank, manager of such branch and depositary and in charge of the funds of the branch and those entrusted to his custody, unlawfully, wilfully, maliciously, and fraudulently, taking advantage of the trust and against the express orders of his employer, abstracted and used such funds for purposes other than the proper and legitimate discharge of his office, authorizing and permitting the payment of checks for the sum of more than $4,000, the bank being defrauded in that sum.

■ With respect to the legal defense, the same does not in our opinion appear from the information. The information is explicit. It speaks of the authority granted to defendant as to overdrafts, but says that it was for occasional, limited amounts, to be covered within the shortest possible time. The amount of the overdrafts and the fact of their malicious, systematic and complete concealment by defendant, destroys any defense which might be founded upon such authorization.

In view of the foregoing, and for the further reasons set forth in the opinion today handed down in appeal No. 5630, the order appealed from must be reversed and the demurrer filed by defendant overruled, with leave to the district attorney to amend the information by substituting for the designation of embezzlement given to the offense, that of a violation of section 17 of Act No. 18 of 1923 regulating banks and banking in Puerto Rico.